## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| Jeffrey W. DeGoey, Individually and as Administrator of the Estate of Amy DeGoey and as Next Friend of Dexter DeGoey,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>County of Marion,<br><br>　　　　Defendant. | COMPLAINT 4:13-cv-498 |

COMES NOW the Plaintiff, Jeffrey W. DeGoey, individually and in his capacity as the administrator of the estate of Amy DeGoey and next friend of Dexter DeGoey, and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Defendant County of Marion ("County"), is a municipal corporation under the laws of the State of Iowa. The County is a "person" for purposes of an action for damages pursuant to 42 USC § 1983.

2. Plaintiff Jeffrey DeGoey was at all times material a resident of Marion County, Iowa. Decedent Amy DeGoey and Dexter DeGoey were at all times material residents of Polk County, Iowa. Jeffrey DeGoey is the father of decedent Amy DeGoey. Dexter DeGoey is the minor son of decedent Amy DeGoey.

3. Jurisdiction of this action is proper under 42 USC § 1983; 28 USC §§ 1331 and 1341(3); and under the supplemental jurisdiction of this Court pursuant to 28 USC § 1367.

4. Venue of this action in this Court is proper under 28 USC § 1391(b).

## GENERAL ALLEGATIONS

5. Decedent Amy DeGoey was booked into the Marion County Jail around midnight on December 6, 2011, and had a blood alcohol concentration above the legal limit.

6. Ms. DeGoey allegedly became uncooperative with jail staff and was placed into cell number 174A of the Marion County Jail before the booking process could be completed.

7. At approximately 2:46 a.m., Marion County Detention Officer Vicki Johnston came into cell number 174A and removed an empty pill bottle from the cell. Detention Officer Johnston stated that she saw the bottle fall from Ms. DeGoey's shirt while Detention Officer Johnston was watching DeGoey via the camera in the cell. According to Detention Officer Johnston, Ms. DeGoey denied ingesting any medication and said that the bottle was empty when Ms. DeGoey entered the jail.

8. Just after 6 a.m., Ms. DeGoey was found unresponsive by Marion County Detention Officer Lance Eysink. Emergency medical personnel from the Knoxville Fire Department were contacted and DeGoey was transported to the Knoxville Area Community Hospital, where DeGoey later died from mixed drug toxicity of hydrocodone and alcohol.

9. At all times material, jail staff employed by the County failed to act in good faith, failed to exercise due care, and acted with a reckless disregard for the safety of others.

## COUNT I

## WRONGFUL DEATH: 42 U.S.C. § 1983

10. Paragraphs 1-9 are incorporated by reference.

11. Amy DeGoey was deprived of rights and privileges secured by the Constitution and laws of the United States and the State of Iowa as a result of conduct of Marion County and its employees, agents and elected officials.

12. Amy DeGoey was deprived of those rights and privileges as a result of a policy, custom or officially adopted decision of the Marion County Board of Supervisors and/or the Marion County Sheriff. Marion County is liable for this deprivation under 42 U.S.C. § 1983.

13. Plaintiffs have been damaged as a result of the deprivation of Amy DeGoey's rights and privileges.

FOR THESE REASONS, Plaintiffs seek judgment against Marion County in a fair and reasonable amount as shown by the evidence, together with interest, costs and attorney fees as provided by law.

## COUNT II

## NEGLIGENCE

14. Paragraphs 1 through 9 are incorporated by reference.

15. The Marion County jail staff, as agents and employees of Defendant County, were negligent in performing their duties of property intake, and in their screening and supervision of decedent Amy DeGoey.

16. The negligence of Defendant County's jail staff was the proximate cause of

the injuries and damages sustained by Plaintiffs' decedent Amy DeGoey.

17. As a proximate cause of the acts and omissions of Defendant County's jail staff, Plaintiffs have sustained damages.

18. The conduct of Defendant County's jail staff as described herein constituted a willful and wanton disregard for the rights or safety of another, and is thereby subject to exemplary and punitive damages.

19. Because the Plaintiffs' claim is not based upon or arising out of an act or omission in connection with an emergency response, Defendant County is liable for negligence of its employees who were acting within the scope of their employment or duties at all times material.

WHEREFORE, the Plaintiffs request that judgment be entered against Defendant County for the injuries and damages sustained, together with interest and costs, and for such other damages and relief as may be provided by law.

## COUNT III

## LOSS OF CONSORTIUM: ADULT CHILD

Jeffrey W. DeGoey, on his own behalf states:

20. Paragraphs 1 through 9 above are incorporated by reference.

21. At all times material, Plaintiff Jeffrey W. DeGoey was the father of Amy DeGoey.

22. As a direct result of the injuries suffered by Amy DeGoey, which were proximately caused by the negligence of the Defendant, Plaintiff Jeffrey W. DeGoey has been deprived of the companionship, aid, services, affection and society of his adult child, Amy DeGoey.

Plaintiff Jeffrey W. DeGoey therefore seeks a judgment against Defendant for damages in a fair and reasonable amount as shown by the evidence, together with interest and costs as provided by law.

## COUNT IV

## PARENTAL CONSORTIUM

Plaintiff Jeffrey W. DeGoey, as administrator of the estate of Amy DeGoey and next friend of Dexter DeGoey, states:

23. Paragraphs 1 through 9 above are incorporated by reference.

24. Dexter DeGoey, a minor, is the only child of decedent Amy DeGoey.

25. Dexter DeGoey has suffered the loss of parental consortium as a result of the Defendant's negligence.

Plaintiff Jeffrey W. DeGoey, as administrator of the estate of Amy DeGoey and next friend of Dexter DeGoey, seeks damages from the Defendant for Dexter's loss of past and future parental consortium in a fair and reasonable amount as shown by the evidence, together with interest and costs as provided by law.

Date: 12/6/13

Respectfully submitted,

DUTTON, BRAUN, STAACK & HELLMAN, P.L.C.
Attorneys for Plaintiffs

BY: _____
James H. Cook, Esq., AT0001622
3151 Brockway Road
P.O. Box 810
Waterloo, IA 50704-0810
319-234-4471
319-234-8029 - Fax
E-mail: cookj@wloolaw.com

I:\Lit\DeGoey\Pleadings\Complaint.wpd